

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:

       Opinion No. 0-1982
       Re: Is a witness in a
       criminal case in the
       District Court entitled
       to traveling expenses,
       both to and from court,
       for one term and also
       for the subsequent term
       to which said case was
       passed by agreement?

  Your request for an opinion of this department on the above stated question has been received.

  Your letter reads, in part, as follows:

  "Under Article 1036 C. C. P., R. C. S. 1925, is a witness, subpoenaed in a criminal proceeding to the District Court, entitled to claim mileage fees when he appears in the Criminal District Court of one term and by reason of the case being passed to the next term he is forced to appear at a subsequent term. That is, is said witness entitled to travelling expenses, both to and from court, for the one term and also for the subsequent term to which said case was passed by agreement?

  "My District Clerk is confronted with the above problem wherein a witness was called by the State for the December Term of Court, and by agreement said case which was on call for the December Term was passed to a day definite

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in the March Term of my Criminal District
Court. This witness in question, by reason
of the premises, is forced to make two com-
plete trips to the court, and we are con-
fronted with the problem as to whether or
not he can be reimbursed for the same."

Article 1036 of the Code of Criminal Procedure
reads, in part, as follows:

"1. Any witness who may have been
recognized, subpoenaed or attached, and
given bond for his appearance before any
court, or before any grand jury, out of the
county of his residence to testify in a felony
case, and who appears in compliance with the
obligations of such recognizance or bond,
shall be allowed his actual traveling ex-
penses, not exceeding four cents per mile going
to and returning from the court or grand jury,
by the nearest practical conveyance, and two
dollars per day for each day he may necessarily
be absent from home as a witness in such case.

"Witnesses shall receive from the State,
for attendance upon district courts and grand
juries in counties other than that of their
residence, in obedience to subpoenas issued
under the provisions of law their actual
traveling expenses, not exceeding four cents
per mile, going to and returning from the
court or grand jury, by the nearest practical
conveyance, and two dollars per day for each
day they may necessarily be absent from home
as a witness, to be paid as now provided by
law; and the foreman of the grand jury, or the
district clerk, shall issue to such witness
certificates therefor, after deducting there-
from the amounts advanced by the officers
serving said subpoenas, as shown by the returns
on said subpoenas; which certificates shall be
approved by the district judge, and recorded
by the clerk in a well-bound book kept for
that purpose; provided, that when an indictment
can be found from the evidence taken before an
inquest or examining trial, no subpoena or
attachment shall issue for a witness who resides
out of the county in which the prosecution is

pending to appear before a grand jury. When
the grand jury shall certify to the district
judge that sufficient evidence cannot be
secured upon which to find an indictment,
except upon testimony of nonresident witnesses,
the district judge may have subpoenas issued
as provided for by law to other counties for
witness to testify before the grand jury not
to exceed one witness to any one fact, nor
more than three witnesses to any one case
pending before the grand jury. (As amended
Acts 1927, 40th Leg., p. 113, ch. 75, § 1.)

"Sec. 2. Witness fees shall be allowed
only to such witnesses as may have been sum-
moned on the sworn written application of the
State's attorney or the defendant or his attor-
ney as provided in Article 463, Code of Criminal
Procedure, which sworn application must be made
at the time of the procuring of the subpoena,
attachment for, or recognizance of, the witness.
The judge to whom an application for attachment
is made, may, in his discretion, grant or refuse
such application, when presented in term time.
(As amended Acts 1931, 42nd Leg., p. 239, ch.
143 § 3.)

"Sec. 3. Before the close of each term of
District Court, the witness shall make an affi-
davit stating the number of miles he will have
traveled going to and returning from the court,
by the nearest practical conveyance, and the
number of days he will have been necessarily
absent in going to and returning from the place
of trial; which affidavit shall be filed with the
papers of the case. No witness shall receive
pay for his services as a witness in more than
one case at any one term of the court. Fees shall
not be allowed to more than two witnesses to the
same fact, unless the judge before whom the cause
is tried shall, after such case has been tried,
continued, or otherwise disposed of, certify that
such witnesses were necessary in the cause.

"No witness subpoenaed, recognized, or at-
tached for the purpose of proving the general
reputation of the defendant shall be allowed

the benefits hereof, provided the trial judge
may in his discretion, allow pay to not more
than two character witnesses for the State and
to not more than two character witnesses for
the defendant. (As amended Acts 1931, 42nd
Leg., p. 239, ch. 143, § 3.)"

In an opinion rendered by this department on
February 21, 1935, written by Honorable Leon O. Moses,
Assistant Attorney General, addressed to the District
Clerk, Sweetwater, Texas, it was held that no witness
shall receive pay for his services as a witness in more
than one case at any one term of court; however, in the
event the witness is instructed by the Judge to return
at the same term of the District Court at which he was
summoned, and on the same case, the witness would be
entitled to his fee and mileage for a second trip.

This department held in Opinion No. 0-1594 that
an out of county witness in a felony case is entitled to
two dollars and his actual traveling expenses not exceed-
ing four cents per mile going to and returning from the
court for a second trip to the court during the same term
and in the same case.

Section 3 of Article 1036, supra, provides:

"No witness shall receive pay for his
services as a witness in more than one case
at any one term of court."

However, as above indicated this Statute does not prohibit
a witness, receiving two dollars per day and his actual
traveling expenses not exceeding four cents per mile going
to and returning from the court for a second trip to the
court during the same term and in the same case.

Article 1036, Code of Criminal Procedure, supra,
specifically provides that any witness who may have been
recognized, subpoenaed or attached, and given bond for his
appearance before any court, or before any grand jury, out
of the county of his residence to testify in a felony case,
and who appears in compliance with the obligations of such
recognizance or bond, shall be allowed his actual traveling
expenses, not exceeding four cents per mile going to and
returning from the court or grand jury, by the nearest prac-
tical conveyance, and two dollars per day for each day he
may necessarily be absent from home as a witness in such

case. Said Statutes further provides that such witness shall receive from the State, for the attendance upon the District Court and grand jury in counties other than that of his residence, and obedience to subpoenas issued under the provisions of law his actual traveling expenses, not exceeding four cents per mile, going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day he may necessarily be absent from home as a witness, to be paid as now provided by law.

In view of Article 1036, Code of Criminal Procedure, supra, you are respectfully advised that it is the opinion of this department that your question should be answered in the affirmative, and it is so answered.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:rs

APPROVED MAR 9, 1940

ATTORNEY GENERAL OF TEXAS

